1  Henry C. Bunsow (SBN 60707)
   bunsowh@howrey.com
2  Korula T. Cherian (SBN 133967)
   cheriank@howrey.com
3  Robert F. Kramer (SBN 181706)
   kramerr@howrey.com
4  David R. Stewart (admitted pro hac vice)
   stewartd@howrey.com
5  Subroto Bose (SBN 230339)
   boses@howrey.com
6  HOWREY LLP
   525 Market Street, Suite 3600
7  San Francisco, California  94105
   Telephone:  (415) 848-4900
8  Facsimile:  (415) 848-4999

9  Attorneys for Plaintiff and Counterclaim-Defendant
   REALNETWORKS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REALNETWORKS, INC.<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>vs.<br><br>BURST.COM, INC.<br><br>    Defendant and Counterclaimant. | Case No. C-08-0023 MHP<br><br>**PLAINTIFF REALNETWORKS, INC.'S REPLY TO BURST.COM INC.'S ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

    Plaintiff and Counterclaim-Defendant RealNetworks, Inc. ("RealNetworks"), for its Reply to Burst.com, Inc's ("Burst") Answer to First Amended Complaint and Counterclaim ("Counterclaim"), states as follows:

**PARTIES**

    1.    RealNetworks admits that Burst is a corporation organized under the laws of the State of Delaware. On information and belief, Burst currently maintains an office in Santa Rosa, California

and appears to be or represents itself to be the assignee of record of the patents-in-suit. RealNetworks is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1 of the counterclaim, and therefore denies such allegations.

2. RealNetworks admits the allegations in Paragraph 2.

## JURISDICTION AND VENUE

3. RealNetworks admits that Count I of Burst's counterclaim purports to assert causes of action for patent infringement under the Patent Act, 35 U.S.C. §271. RealNetworks admits that this Court has subject matter jurisdiction over Count I by virtue of 28 U.S.C. § 1338(a) and that venue to adjudicate Count I of Burst's counterclaim is proper in this district. RealNetworks denies the remaining allegations of Paragraph 3.

4. RealNetworks admits that personal jurisdiction is proper over RealNetworks in this court for purposes of adjudicating the counterclaim asserted in this action. RealNetworks denies that it has infringed or continues to infringe any claims of the asserted patents or that Burst is entitled to any relief. RealNetworks denies the remaining allegations of Paragraph 4.

## BACKGROUND

### Burst and the Burst Patents

5. RealNetworks lacks sufficient information on which to admit or deny the allegations of Paragraph 5 and, on that basis, denies the allegations.

6. RealNetworks lacks sufficient information on which to admit or deny the allegations of Paragraph 6 and, on that basis, denies the allegations.

7. RealNetworks admits that U.S. Patent No. 4,963,995 ("the '995 Patent") is entitled "Audio/Video Transceiver Apparatus Including Compression Means" and that the face of the patent indicates that the date of the '995 Patent is October 16, 1990. RealNetworks lacks sufficient information on which to admit or deny the remaining allegations of Paragraph 7 and, on that basis, denies the allegations.

8. RealNetworks admits that the issue date of U.S. Patent No. 5,164,839 ("the '839 patent"), indicated on the face of the '839 patent, is November 17, 1992. RealNetworks admits that the issue date of U.S. Patent No. 5,963,202 ("the '202 Patent"), indicated on the face of the patent, is

October 5, 1999.  RealNetworks admits that the issue date of U.S. Patent No. 5,995,705 ("the '705 Patent"), indicated on the face of the patent, is November 30, 1999.  RealNetworks admits that Burst refers to the '995, '839, '705, and '202 Patents in its counterclaim as being collectively referred to as the "Burst Patents."  RealNetworks admits that the named inventor listed on the face of '995, '839, and '705 Patents is Richard A. Lang.  RealNetworks admits that the listed inventor, on the face of the '202 Patent is Dr. Nathaniel Polish.  RealNetworks lacks sufficient information on which to admit or deny the remaining allegations of Paragraph 8 and, on that basis, denies the allegations.

9. RealNetworks lacks sufficient information on which to admit or deny the allegations of Paragraph 9 and, on that basis, denies the allegations.

10. RealNetworks denies that Burst allegedly described the benefits in detail of Burst's products to RealNetworks and that RealNetworks allegedly scoffed at the advantages.  RealNetworks lacks sufficient information on which to admit or deny the remaining allegations of Paragraph 10 and, on that basis, denies the allegations.

11. RealNetworks denies the allegations in Paragraph 11 of the counterclaim with respect to Burst's alleged technique of faster-than-real-time delivery of video and lacks sufficient information on which to admit or deny the allegations of Paragraph 11 and, on that basis, denies the allegations.

12. RealNetworks lacks sufficient information on which to admit or deny the allegations of Paragraph 12 and, on that basis, denies the allegations.

**RealNetworks and RealNetworks' Infringing Products and Services**

13. RealNetworks lacks sufficient information on which to understand which Burst patents are referred to, and lacks sufficient information to admit or deny the allegations of Paragraph 13 and, on that basis, denies the allegations.

14. RealNetworks admits that it has promoted or does promote RealPlayer, RealPlayer Plus and RealPlayer 11, but denies the remaining allegations contained in Paragraph 14.

15. RealNetworks denies the allegations contained in Paragraph 15.

## COUNT I

## Patent Infringement

16. RealNetworks denies each and every allegation contained in Paragraph 16 and specifically denies that it is directly or indirectly infringing or has infringed Burst's patents-in-suit.

17. RealNetworks denies each and every allegation contained in Paragraph 17 and specifically denies that it is directly or indirectly infringing or has infringed Burst's patents-in-suit.

18. RealNetworks denies each and every allegation contained in Paragraph 18 and specifically denies that it is directly or indirectly infringing or has infringed Burst's patents-in-suit.

19. RealNetworks denies each and every allegation contained in Paragraph 19.

20. RealNetworks denies each and every allegation contained in Paragraph 20.

21. RealNetworks denies each and every allegation contained in Paragraph 21.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, RealNetworks states as follows:

### First Affirmative Defense: Failure to State a Claim

22. Burst's counterclaim fails to state a claim upon which relief can be granted because RealNetworks has not performed and is not performing any act in violation of any valid right that belongs to Burst.

### Second Affirmative Defense: Noninfringement

23. RealNetworks has not infringed and is not infringing, directly, contributorily, or through inducement, any valid claims of the patents-in-suit.

24. RealNetworks has not infringed and is not infringing, directly, contributorily, or through inducement, any valid claims of the patents-in-suit.

25. RealNetworks has not infringed and is not infringing, directly, contributorily, or through inducement, any valid claims of the patents-in-suit.

### Third Affirmative Defense: Invalidity

26. The patents-in-suit are invalid for failure to meet one or more of the requirements for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112 and/or 115.

### Fourth Affirmative Defense: Damage Speculative

27. Some or all of Burst's alleged damages are speculative, uncertain, and not recoverable.

### Fifth Affirmative Defense: Lack of Causation

28. Burst's claims are barred in whole or in part because the alleged injuries and damages claimed by Burst were not legally or proximately caused by any act or omission of RealNetworks.

### Sixth Affirmative Defense: Adequate Remedy at Law

29. Burst's equitable claims are barred because they have not suffered irreparable harm and because they have an adequate remedy at law.

### Seventh Affirmative Defense: Equitable Defenses/Waiver

30. Burst's claims for relief are barred in whole or in part by the equitable doctrine of unclean hands, laches, waiver, license and estoppel or other applicable equitable doctrines.

### Eighth Affirmative Defense: Failure to Mark/Insufficient Notice

31. Burst's claims for relief are barred in whole or in part by 35 U.S.C. § 287.

### Ninth Affirmative Defense: Prosecution History Estoppel

32. RealNetworks' accused products cannot and do not infringe any claim of the patents-in-suit alleged by Burst under the doctrine of prosecution history estoppel. Namely, during prosecution of the patents-in-suit, the inventors and the inventors' representatives made representations, amendments and/or arguments to the United States Patent Office to gain allowance of the patent claims. The public, including RealNetworks, is entitled to rely on the representations, amendments and arguments made during prosecution of the patents-in-suit to better understand and define the scope of the claims of the patents-in-suit. As a result of the representations, amendments and arguments made by the inventors and their representatives during prosecution, Burst is now estopped from asserting infringement of the claims of the patents-in-suit by RealNetworks. Further, as a result of prosecution history estoppel, the claims of the patents-in-suit are limited such that they do not, and in fact cannot, encompass any product made, used, sold or offered for sale by RealNetworks.

**PRAYER FOR RELIEF**

WHEREFORE, RealNetworks prays for judgment as follows:

33. That Burst take nothing by its counterclaim, and that the same be dismissed with prejudice;

34. That Burst is not entitled to any of its requested relief, or any relief whatsoever;

35. That RealNetworks has not infringed, directly, contributorily, or through inducement, any valid claims of the patents-in-suit;

36. That the patents-in-suit are invalid or unenforceable;

37. That this is an exceptional case and RealNetworks be awarded reasonable attorneys' fees and cost of suit incurred herein pursuant to 35 U.S.C.§ 285;

38. That RealNetworks be granted such other and further relief as the Court may deem just and proper.

Dated: May 1, 2008

By: /s/ Robert F. Kramer
Henry C. Bunsow (SBN 60707)
bunsowh@howrey.com
Korula T. Cherian (SBN 133967)
cheriank@howrey.com
Robert F. Kramer (SBN 181706)
kramerr@howrey.com
David R. Stewart (admitted pro hac vice)
stewartd@howrey.com
Subroto Bose (SBN 230339)
boses@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Plaintiff and
Counterclaim-Defendant
REALNETWORKS, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff and Counterclaim-Defendant RealNetworks, Inc. hereby demands a trial by jury on all issues triable of right by a jury that are raised for determination by Burst.com, Inc.'s counterclaim.

Dated: May 1, 2008

By: /s/ Robert F. Kramer
Henry C. Bunsow (SBN 60707)
bunsowh@howrey.com
Korula T. Cherian (SBN 133967)
cheriank@howrey.com
Robert F. Kramer (SBN 181706)
kramerr@howrey.com
David R. Stewart (admitted pro hac vice)
stewartd@howrey.com
Subroto Bose (SBN 230339)
boses@howrey.com
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999

Attorneys for Plaintiff and
Counterclaim-Defendant
REALNETWORKS, INC.